SCHROEDER, Circuit Judge,
dissenting:
I agree with the majority that substantial evidence supports neither the ALJ’s discrediting of Claimant’s testimony nor his rejection of treating physician Dr. Riley’s medical assessment. Yet the majority refuses to credit that evidence as true.
Our court has laid down three prerequisites for crediting such evidence as true: first, that the record is fully developed, and remanding for further proceedings would not be useful; second, that the ALJ failed to give legally sufficient reasons for rejecting the evidence; and third, that the discredited evidence would require the ALJ to find the claimant disabled if credited as true. Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir.2014). The majority assumes, without deciding, that these prerequisites are satisfied in. this case. I would hold they are satisfied.
The record is fully developed, including the testimony of a vocational expert. No further proceedings are required where a vocational expert answers questions about a hypothetical person with a claimant’s alleged limitations. See id. at 1021 n. 28. The reasons given by the ALJ for rejecting the evidence are not sufficient, as the majority holds. In my view, if that evidence is credited as true, Claimant is disabled.
Claimant testified that after back surgery for a tumor, she had great difficulty gripping and grasping items with her left hand. Because of back and neck pain, she could not sit, stand, or walk for long periods, and could lift no more than ten pounds. Claimant additionally suffered from debilitating headaches and migraines. Dr. Riley’s reports reflect that the severity of her hand issues, chronic pain, and headaches seriously impacted her ability to perform-work tasks. If this evidence is credited as true, there is no way that she could return to her previous employment as a receptionist and manicurist. The vocational expert also testified that with those limitations, Claimant is unable to sustain any other kind of work.
The majority nevertheless remands the case on'an open record for further consideration. It does so on the basis of its conclusion that the record raises “serious doubt” as to whether Claimant is disabled. The majority identifies the correct legal standard from this court’s recent opinion in Garrison v. Colvin, 759 F.3d 995 (9th Cir.2014). Garrison analyzes our decisions involving the “credit-as-true” rule and holds that where the prerequisites are satisfied, we remand for an award .of benefits. Id. at 1018-21. The only exception to the rule is where the record “as a whole” raises “serious doubt as to whether the claimant is, in fact, disabled within the *1143 meaning of the Social Security Act.” See id. at 1021.
The majority invokes the exception, but without a record to support it. The majority points to two relatively vague perceived inconsistencies: first, that the medical record concerning Claimant’s ability to knit conflicted with her testimony at the hearing that she could no longer knit; and second, that the record suggests the headaches Claimant continued to complain of were secondary to her neck problems, and should have improved when the neck problems did. My reading of the record reflects no inconsistency with respect to either.
The record as a whole reflects a progressive decline in Claimant’s hand firnction that is consistent with her testimony at the hearing that she could no longer knit. In July 2008, Claimant reported knitting, sewing, and doing lacework for several hours a day before her surgery, but the medical records show that her hand function deteriorated after the March 2009 procedure. In July 2009, Claimant told her physical therapist she could do some sewing and knitting, but reported that she was down from knitting 500 stitches to 250. In September 2009, Claimant reported she was able to knit only 150-200 stitches at a time. In November 2009, Claimant stopped physical therapy, with the therapist noting that her hand function was no longer improving with treatment. At her hearing in December 2009, Claimant testified she “attempted to do the things that have always brought pleasure to me, like my s[e]wing, my knitting, my crocheting, my lace-making, and I am incapable of doing those things at this point.” Claimant’s hearing testimony is consistent with her reports of an overall progressive decline in her hand condition after surgery.
Claimant’s testimony regarding her ability to knit is no regarding her difficulties vacuuming, which the majority rejects as a reason for finding Claimant’s testimony not credible. See Maj. Op. at 1187-38. The majority correctly observes that the physical therapy reports, stating Claimant could push a vacuum and was limited only “a little” in her ability to vacuum, were consistent with her later hearing testimony that she had trouble vacuuming “at this point.” The majority should have recognized a progressive decline with respect to knitting as well.
Moreover, both knitting and vacuuming pertain to daily home activities that provide a questionable basis for discrediting pain testimony in any event. See Garrison, 759 F.3d at 1016. As we said in Garrison, “[w]e have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.” Id.
As for the headaches, the majority recognizes that the ALJ erred in the finding that Claimant did not seek consistent treatment for her headaches after October 2008. Contrary to the ALJ’s finding, there are at least six reports in the record of Claimant seeking headache treatment after that date. There is no medical opinion that the headaches should have disappeared after surgery. The most we have is a doctor’s report speculating that Claimant’s headaches were probably related to her neck issues on account of tension the latter produced. Yet Claimant’s record of treatment for continuing headaches after surgery belies that speculation. Her testimony that her headaches continued after surgery even though the neck pain im *1144 proved was consistent with the medical record. That testimony should not be considered undermined by a doctor’s guesswork.
I would therefore follow the general rule as laid down in Garrison and remand the case for an award of benefits. Instead, the majority requires Claimant to endure another round of administrative hearings to consider a condition that came into existence seven years ago.
Accordingly, while I agree with much of the majority’s reasoning, I must respectfully dissent from its bottom line. The Claimant should be awarded benefits now.